**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AXA Equitable Life Insurance Company,) | No. MC-11-0026-PHX-SRB (LOA) |
| ) | |
| Plaintiff/Judgment Creditor,) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Sylvia Deiana, ) | |
| ) | |
| Defendant/Judgment Debtor.) | |
| _____) | |

On May 18, 2011, the assigned District Judge, the Honorable Susan R. Bolton, expanded the referral of this case to the undersigned Magistrate Judge to include all garnishment and post-judgment proceedings pursuant to 28 U.S.C. § 636(b)(3), LRCiv 72.1(b), LRCiv 72.2(a)(8).[1] (Doc. 22)

Upon review of the docket, the Court notes that all captions of filings prepared by counsel to date have not complied with LRCiv 7.1(a)(3). All counsel and unrepresented parties are required "to use proper capitalization . . . of the party names[]" in the caption of

---

[1] While 28 U.S.C. § 636(b) does not expressly authorize a magistrate judge to consider post-judgment motions, a district judge may assign additional duties to a magistrate judge that "are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Absent the parties' consent, a magistrate judge exercising "additional duties" jurisdiction, however, lacks "authority to enter a final, appealable order" in a post-judgment proceeding. *Bank Tejarat v. Varsho-Saz*, 981 F.2d 1257 (9th Cir. 1992) (magistrate judge without authority to deny judgment-debtor's claim of property exemption to writ of execution) (citing with approval *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992); *United States v. Thompson*, 285 Fed.Appx. 522, 524 (10th Cir. 2008)).

1   the case. LRCiv 7.1(a)(3)  Second, LRCiv 40.2(d) mandates that when a district judge has

2   referred a matter to a magistrate judge, all counsel and unrepresented party "shall

3   immediately provide a copy of any filed document relating to the referred matter to the

4   chambers of the referred Magistrate Judge." LRCiv 40.2(d). The parties are hereby informed

5   that the Court will hereinafter enforce all the Local Rules.

6           Pending for ruling is Plaintiff/Judgment Creditor AXA Equitable Life

7   Insurance Company's ("AXA Equitable") Motion to Garnish Judgment Debtor's

8   Community Property, seeking garnishment of the disability insurance benefits Plaintiff pays

9   Michael Deiana, a non-party, in satisfaction of the alleged community debt incurred by his

10  purported wife, Judgment Debtor Sylvia Deiana. (Doc. 19) The docket indicates this case

11  was opened in the District Court of Arizona on March 4, 2011with the filing of the

12  Certification of a Judgment To Be Registered in Another District and attached Order by the

13  Clerk for the United States District Court for the Southern District of New York. (Doc. 1 at

14  1-7)  The Order and attached Exemplification Certificate explain that Judgment was entered

15  on or before February 24, 2011 against Defendant Sylvia Deiana only in the amount of

16  $295,800.00. (*Id*.[2]) The only reference in the Order to Michael Deiana is that Defendant

17  Sylvia Deiana owns a home "[i]n Arizona with her husband [that] does not have any value

18  as the mortgage on the property greatly exceeds its worth." (*Id*. at 3)

19          Neither the docket nor AXA Equitable's Motion to Garnish Michael Deiana's

20  property reflects that Michael Deiana has been lawfully served with AXA Equitable's

21  Motion to Garnish and its 79 pages of attachments other than the certification at the end of

22  the Motion that a copy was mailed on May 12, 2011 to "Michael Deiana, 40621 North Club

23  Pointe Drive, Anthem, Arizona 85086." (Doc. 19 at 6)  While this service pursuant to Rule

24  5(b)(2)(C), Fed.R.Civ.P., may provide adequate notice to Defendant Sylvia Deiana, it is not

25  lawful and binding service on Michael Deiana, a non-party to this litigation at this time.

26

27          [2] The Order indicates it was docketed on November 24, 2010. (Doc. 102 in No. 7:05-
28  cv-10447-GAY in the United States District Court for the Southern District of New York)

1    Due process of law requires Michael Deiana be afforded notice of this

2    proceeding involving his property interests and an opportunity to be heard. *Mullane v.*

3    *Central Hanorve Bank and Trust Co.*, 339 U.S. 306, 314 (1950). "[O]ne is not bound by a

4    judgment in personam in a litigation in which he is not designated as a party or to which he

5    has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940);

6    *Liao v. Ashcroft*, 2009 WL 636191, at * 3 (N.D.Cal., March 11, 2009) ("Service of process

7    (in the absence of a voluntary appearance or a conscious waiver) is an indispensable

8    prerequisite to the court's jurisdiction to proceed.") (citing *Beecher v. Wallace*, 381 F.2d

9    372, 373 (9th Cir. 1967)).

10    Before the Court will consider the merits of AXA Equitable's Motion to

11    Garnish Michael Deiana's property, Plaintiff shall serve Michael Deiana with copies of AXA

12    Equitable's Motion to Garnish and its 79 pages of attachments pursuant to, and in

13    compliance with, Rule 4(e), (l), Fed.R.Civ.P., within 30 days of the entry of this Order. "[A]s

14    a matter of due process, the non-joined spouse must be given notice and an opportunity to

15    be heard before [h]e can be deprived of [his] interest in community property . . . ." *Gagan*

16    *v. Sharar*, 376 F.3d 987, 991 (9th Cir. 2004) (footnote omitted). "The purpose of joining the

17    [husband] as a party [is] to enable [him] to defend [his] interests in community property and

18    to argue that the debt should be a separate obligation of the [wife] rather than a community

19    debt. *Id.*(footnote omitted). Absent a voluntary waiver of service by Michael Deiana

20    pursuant to Rule 4(d), a voluntary appearance herein by Michael Deiana, or a motion by

21    Plaintiff to extend service beyond 30 days upon a showing of good cause and the exercise

22    of due diligence, failure to timely serve Michael Deiana may result in a denial without

23    prejudice of AXA Equitable's Motion to Garnish Michael Deiana's property.

24    On the Court's own motion,

25    **IT IS ORDERED** that Plaintiff/Judgment Creditor AXA Equitable Life

26    Insurance Company shall serve Michael Deiana with copies of this signed Order, AXA

27    Equitable's Motion to Garnish Judgment Debtor's Community Property and its 79 pages of

28    attachments pursuant to, and in compliance with, Rule 4(e), (l), Fed.R.Civ.P., within **30 days**

of the entry of this Order. Absent a voluntary waiver of service by Michael Deiana pursuant to Rule 4(d), Fed.R.Civ.P., a voluntary appearance herein by Michael Deiana, or a motion by Plaintiff to extend service beyond 30 days upon a showing of good cause and the exercise of due diligence, failure to timely serve Michael Deiana may result in a denial without prejudice of AXA Equitable's Motion to Garnish Michael Deiana's property.

**IT IS FURTHER ORDERED** that Defendant/Judgment Debtor Sylvia Deiana must file a response to Plaintiff's  Motion to Garnish Judgment Debtor's Community Property, doc. 19, on or before **Friday, June 17, 2011.**

**IT IS FURTHER ORDERED** that Michael Deiana must file a response to Plaintiff's  Motion to Garnish Judgment Debtor's Community Property, doc. 19, **within 30 days** after Michael Deiana is served pursuant to this Order or, if Michael Deiana voluntarily waives service pursuant to Rule 4(d), Fed.R.Civ.P., **within 45 days** of the filing of Michael Deiana's signed Rule 4(d) waiver of service.

**IT IS FURTHER ORDERED** that Plaintiff may file a single reply only **within 15 days** after the last response is filed.

Plaintiff's Motion to Garnish Judgment Debtor's Community Property, doc. 19,  will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Sylvia and Michael Deiana are hereby forewarned that each of them must timely respond, either jointly or separately, to Plaintiff's Motion to Garnish Judgment Debtor's Community Property.  The Court may, in its discretion, treat the failure of either to timely respond to Plaintiff's Motion to Garnish Judgment Debtor's Community Property as consent to the granting of Plaintiff's Motion without further notice, and an order may be entered accordingly pursuant to LRCiv 7.2(i) of the Local Rules of Civil Procedure. *Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall comply with the Rules of Practice for the United States District Court for the District of Arizona, as amended on December 1, 2010.  The District's Rules of Practice may be found

on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found at www.uscourts.gov/rules/. The fact that a party is acting *pro se* does not discharge this party's duties to "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). Failure to comply with a Local Rule may result in the striking the non-conforming filing or in the imposition of other sanctions. LRCiv.7.1(d)(5), 83.1(f).

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, shall use the above caption, number and initials on all further pleadings, briefings and other filings herein: to wit: No. MC-11-0026-PHX-SRB (LOA).

Dated this 20th day of May, 2011.

Lawrence O. Anderson
United States Magistrate Judge

- 5 -